# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RICHARD A. WILLIAMSON,

                 Petitioner-Cross Respondent,

v.

MORGAN STANLEY SMITH BARNEY
LLC and MORGAN STANLEY SMITH
BARNEY FA NOTES HOLDINGS LLC,

               Respondents - Cross Petitioners.

Civil Action No. 1:18-cv-06985-PGG

## MEMORANDUM OF LAW IN OPPOSITION TO PETITION TO VACATE
## AND IN SUPPORT OF CROSS-PETITION TO CONFIRM ARBITRATION AWARD

Jonathan D. Berg, Esq. (JB4022)
Jaffe & Asher LLP
600 Third Avenue 9th Floor
New York, NY 10016
(646) 313-2543
*Attorneys for Morgan Stanley Smith Barney*
*LLC and Morgan Stanley Smith Barney FA*
*Notes Holdings LLC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ....................................................................................2

    A.  The Parties ....................................................................................2

    B.  The Promissory Note ....................................................................3

    C.  Williamson's Form U-4 ..................................................................3

    D.  Williamson's Termination, Default and Continued Failure to Pay ..........................4

    E.  The Arbitration................................................................................5

    F.  Williamson's Contacts with FINRA ..............................................8

LEGAL ARGUMENT ....................................................................................10

I.   WILLIAMSON'S PETITION TO VACATE SHOULD BE DENIED ..............................10

    A.  Williamson Received Proper Notice of the Arbitration ..........................................11

    B.  Williamson Had a Duty to Notify FINRA of a Change of Address......................15

    C.  Williamson Was Aware of the Arbitration Proceeding............................................17

II.  MORGAN STANLEY'S CROSS-PETITION TO CONFIRM THE
    AWARD SHOULD BE GRANTED ................................................................19

CONCLUSION....................................................................................................21

# TABLE OF AUTHORITIES

**<u>Cases</u>**

Bernstein Seawell & Kove v. Bosarge,
  813 F.2d 726 (5th Cir. 1987) ................................................... 20

Fid. Brokerage Servs. LLC v. Deutsch,
  2018 U.S. Dist. LEXIS 95329 (S.D.N.Y. May 31, 2018)...................................... 10

Florasynth v. Pickhoh,
  750 F.2d 171 (2d Cir. 1984)........................................................ 22

Geotech Lizenz AG v. Evergreen Systems, Inc.,
  697 F. Supp. 1248 (E.D.N.Y. 1988) ....................................... 20

Gill v. Fin. Indust. Regulatory Auth.,
  2013 U.S. Dist. LEXIS 44088, 2013 WL 1203746 (S.D.N.Y. 2013)....................... 12

Hansalik v. Wells Fargo Advisors, LLC,
  2012 Cal. App. Unpub. LEXIS 3145, 2012 WL 123014 (Cal. App. 2002)............. 15

Howsam v. Dean Witter Reynolds,
  573 U.S. 79, 123 S.Ct. 588 (2002) ................................................ 11

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,
  729 F.3d 99 (2d Cir. 2013)........................................................ 22

Marsillo v. Geniton,
  2004 U.S. Dist. LEXIS 9965, 2004 WL 1207925 (S.D.N.Y. 2004)....................... 12

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Blackburn,
  2013 N.Y. Misc. Lexis 6741, 2013 NY Slip Op 33796(U) (Sup. Ct. N.Y. County 2011) ....... 17

Ottley v. Schwarizberg,
  819 F.2d 373 (2d Cir. 1987)........................................................ 22

Overseas Cosmos v. NR Vessel Corp.,
  1997 U.S. Dist. LEXIS 19390, 1997 WL 757041 (S.D.N.Y. 1997)........................ 20

Papayiannis v. Zelin,
    205 F. Supp. 2d 228 (S.D.N.Y. 2002)........................................................................... 11

Riverburgh v. CSX Transp.,
    280 Fed.Appx. 61 (2d Cir. 2008) ................................................................................. 15

Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.,
    668 F.3d 60 (2d Cir. 2012).......................................................................................... 21

Shamha v. Schweiger,
    21 F. Supp. 2d 208 (E.D.N.Y. 1998) .......................................................................... 14

Staples v. Morgan Stanley Smith Barney,
    2013 U.S. Dist. LEXIS 154350, 2013 WL 5786593 (D.Mont. 2013) ........................ 16

STMicroehctronics, N. V. v. Credit Suisse Sees. (USA) LLC,
    648 F.3d 68 (2d Cir. 2011).......................................................................................... 21

Stotter Div. of Graduate Plastics Co., Inc. v. Dist. 65, United Auto Workers, AFL-CIO,
    991 F.2d 997 (2d Cir. 1993)........................................................................................ 21

T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.,
    592 F.3d. 329 (2d Cir. 2010)....................................................................................... 10

Tempo Shain Corp. v. Bertek, Inc.,
    120 F.3d 16 (2d Cir. 1997).......................................................................................... 11

Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.,
    103 F.3d 9 (2d Cir. 1997)............................................................................................ 21

Zapata v. City of New York,
    502 F.3d 192 (2d Cir. 2007)........................................................................................ 14

**Statutes**

9 U.S.C. § 10.................................................................................................................. 10

9 U.S.C. § 9.................................................................................................................... 19

Cal. R. of Ct., Rule 8.1115............................................................................................ 14

**Other Authorities**

FINRA By-laws, Article 5, Section 2 ............................................................................. 15

FINRA Regulatory Notice 17-03 ................................................................................ 7, 12

FINRA Rule 13100 .......................................................................................................... 5

FINRA Rule 13101 .......................................................................................................... 5

FINRA Rule 13200 .......................................................................................................... 5

FINRA Rule 13301 ...................................................................................................... 6, 12

In the Matter of Gilbert Torres Martinez,
    2013 SEC LEXIS 1147, Exchange Act Release No. 69405 (April 18, 2013)......................... 16

In the Matter of Perpetual Securities, Inc.,
    2007 SEC LEXIS 2353, Exchange Act Release No. 55613 .................................................. 16

NASD Notice to Members 97-31 .................................................................................. 16

## PRELIMINARY STATEMENT

Respondents-Cross-Petitioners, Morgan Stanley Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively "Morgan Stanley"), submit this memorandum of law in opposition to the Petition to Vacate of Petitioner Richard A. Williamson ("Williamson") to vacate an arbitration award issued by an arbitrator of the Financial Industry Regulatory Authority, Inc. ("FINRA") against Williamson and in favor of Morgan Stanley in the amount of $140,066.96, exclusive of post-award interest (the "Award").  Morgan Stanley also submits this memorandum of law in support of their cross-petition for confirmation of the Award, and for entry of judgment in conformity with the Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 13.

Respondent's petition to vacate is premised solely on the argument that the Award should be vacated because he did not receive proper service of process of the Statement of Claim.  This argument fails for multiple reasons.

First, Williamson received notice of the arbitration and the arbitrator, in the arbitration Award, made an affirmative determination that Williamson received proper notice of the arbitration.

Second, it was Williamson's duty to notify FINRA of any changes to his home address. To the extent that Williamson alleges he moved, it was Williamson's responsibility to notify FINRA of his new address, and until he did so, FINRA was permitted to continue to serve papers at the address Williamson had on file with FINRA, and service on his address of record provided proper legal service on him.

Finally, Williamson knew the arbitration was pending against him, but chose to ignore it. Williamson indisputably was aware of the arbitration as early as the day before his answer was

1

due, when he left a voicemail for Morgan Stanley's counsel. Williamson had Morgan Stanley's counsel's name and number because he was received mail at 8600 Chatham, notifying him of Morgan Stanley's claim, and that the arbitration was filed. At the latest, Williamson was aware of the arbitration at least 28 days before the Award was entered, when he sent an email to the FINRA case administrator and admitted he had missed important dates in the process. Significantly, Williamson never claimed, to FINRA or anyone, that he had not received the Statement of Claim from FINRA, or that he only received it after the due date for his answer. Obviously, for Williamson to contact FINRA proves that he received the Statement of Claim. Williamson knowingly waited until after the Award was entered to contest the proceedings. A party, on notice of an arbitration, may not fail to participate in an arbitration and then seek to vacate the arbitration award.

Williamson is asking the Court to support his behavior by vacating an Award that was justly obtained against him. Williamson's neglect and dereliction are not grounds for the Court to vacate the Award. For the reasons set forth below, Williamson's Petition to Vacate should be denied and Morgan Stanley's Cross-Petition for confirmation of the Award and entry of judgment should be granted.

## STATEMENT OF FACTS

### A.   The Parties

Morgan Stanley Smith Barney LLC ("MSSB") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York. MSSB is a securities broker-dealer and a member of the Financial Industry Regulatory Authority, Inc. ("FINRA"). Declaration of Wendy R. Robinson ("Robinson Decl.") ¶ 3.

Morgan Stanley Smith Barney FA Notes Holdings LLC ("MSSB FA Notes") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York.  Robinson Decl. ¶ 4.

Upon information and belief, respondent Williamson is a citizen and resident of the State of Florida.  Williamson is a former MSSB employee.  Robinson Decl. ¶ 7

### B.    The Promissory Note

On or about September 30, 2011, Williamson, who was a registered representative with MSSB at the time, signed a Promissory Note ("the Note") for a loan that he received from MSSB FA Notes in the amount of $359,800.00. Robinson Decl. ¶ 9, Exhibit A.  The Noted contained a clause requiring that "[a]ny controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulatory Authority ("FINRA") and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof."  Robinson Decl. ¶ 10.  Williamson also agreed to reimburse Morgan Stanley for all "losses, damages, costs, expenses (including attorneys' fees) . . . as a result of a breach of the Note and efforts to force repayment of the Note."  Robinson Decl. ¶ 11.

### C.    Williamson's Form U-4

On or about September 30, 2011, Williamson signed a Form U4 Uniform Application for Securities Industry Registration or Transfer ("Form U4") which Morgan Stanley submitted to FINRA.  Robinson Decl. ¶ 12.  In Section 15A ¶ 1 of the Form U4, Williamson swore or affirmed that "I have read and understand the terms and instruction of this form and that my answers (including attachments) are true and complete to the best of my knowledge.  I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers."  Robinson Decl. Exhibit B.  In Section 15A ¶ 5 of the Form U4,

Williamson agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . under the rules, constitutions or by-laws of [FINRA] . . . and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." Id.  In Section 15A ¶ 7 of the Form U4, Williamson agreed that "the service of process, pleading, subpoena, or other document in any investigation or administrative proceedings . . . may be made be made by regular, registered or certified mail . . . to [Williamson] at [his] most recent business or home address as reflected in this Form U4, or any amendment thereto . . . ."  Id.

In Section 15A ¶ 9 of the Form U4, Williamson agreed to "update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported.  Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete."  Id. (emphasis added).

On or about June 6, 2012, Williamson notified Morgan Stanley that his residential address changed to 8600 Chatham Court, Tallahassee, Florida 32311 ("8600 Chatham Court") and Morgan Stanley submitted an amended Form U4 to FINRA, noting Williamson's new residential address in Section 11.  Robinson Decl. ¶ 13, Exhibit C.

### D.    Williamson's Termination, Default and Continued Failure to Pay

Williamson's employment with MSSB terminated on or about November 2, 2017, and pursuant to the express terms of the Note, the unpaid balance thereon became immediately due and payable.  Robinson Decl. ¶ 14.  On November 4, 2017, Williamson began a new job and registered his securities license with Wells Fargo Clearing Services, LLC, another firm registered with FINRA. Robinson Decl. ¶ 15.  As of December 13, 2017, Williamson's registration with

FINRA showed that his residential address was still 8600 Chatham Court. Robinson Decl. ¶ 16, Exhibit D.

On December 19, 2017, Morgan Stanley sent a letter to Williamson at 8600 Chatham Court demanding that he repay the Note. Robinson Decl. ¶ 17, Exhibit E. The letter was delivered and not returned by the overnight carrier. Id. On February 1, 2018, Morgan Stanley's counsel sent a second demand letter to Williamson at 8600 Chatham Court. Declaration of Elio F. Martinez, Jr. ("Martinez Decl.") ¶ 4, Exhibit A. The second demand letter was delivered and was not returned by the overnight carrier. Id.

Despite due demand, Williamson failed and refused to pay the balance due on the Note. Robinson Decl. ¶ 18. The parties thereafter proceeded to arbitration before FINRA pursuant to the terms of the Note. Id.

### E.   The Arbitration

Morgan Stanley filed a Statement of Claim with FINRA on or about February 23, 2018. Robinson Decl. ¶ 19. On or about February 28, 2018, FINRA sent the Statement of Claim and notice of the arbitration to Williamson at his 8600 Chatham Court address and notified Williamson that his answer was due April 19, 2018. Robinson Decl. ¶ 20.

FINRA has two codes of arbitration: customer disputes are governed by Rules 12000 et seq.; inter-industry disputes are governed by Rules 13000 et seq. Under FINRA rules, MSSB is a member firm (FINRA Rule 13100(q)) and Williamson is an associated person (FINRA Rule 13100(u)). Declaration of Jonathan D. Berg ("Berg Decl.") Exhibit A. FINRA Rule 13200 requires that disputes between members and associated persons be resolved in arbitration. Id. The relevant Code of Arbitration that applied are the FINRA Rules starting at 13000. See FINRA Rule 13101(a), Id. Throughout his brief, Williamson incorrectly cites to the arbitration

code for customer disputes, which does not apply to inter-industry disputes.  See e.g.,

Williamson's Brief ¶¶ 34-37, 47, 60, 67 and 76.

FINRA Rule 13301(a) provides:

"The Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the Claim Notification Letter on the associated person at the person's business address."

Berg Decl. Exhibit A.

Williamson does not, and cannot, allege that FINRA received any notice that Williamson

could not be served at 8600 Chatham Court or that mail sent to that address was returned as

undeliverable.

On April 18, 2018, the day before his answer was due, Williamson left a voicemail for

Morgan Stanley's counsel and stated he received their demand letter, he wanted to discuss terms

and he was "looking for a case number."  Martinez Decl. ¶ 5.  Williamson did not notify Morgan

Stanley that he changed, or was about to change, his home address.  Robinson Decl. ¶ 29,

Martinez Decl. ¶ 7.

On or about April 20, 2018, FINRA sent three letters to Williamson:  The first letter

instructed Williamson that he was required to use FINRA's DR Portal to submit pleadings and

receive notifications and to contact FINRA if he needed another email Portal Invitation or if he

was having technical issues; the second letter was an Overdue Notice stating that FINRA had not

received Williamson's Answer, that the case would be decided on the pleadings and that another

copy of the Statement of Claim was attached; and the third letter notified the parties that there

was a deadline of May 10, 2018 for the parties to submit arbitrator rankings.  Robinson Decl. ¶

21, Exhibit H.  The letters were addressed to Williamson at 8600 Chatham Court.  Id.

6

Pursuant to Regulatory Notice 17-03, FINRA properly sent the letters to Williamson's residential address that he listed on his Form U-4. Berg Decl. Exhibit B. Williamson, who, as described herein, was communicating with FINRA and with Morgan Stanley's attorney, never told FINRA, or Morgan Stanley, that he did not receive the Claim Notification Letter or the Statement Claim. Therefore FINRA staff had no notification, from Williamson or otherwise, that Williamson had not received FINRA correspondence, and thus had no reason to attempt service in another manner, as set forth in Regulatory Notice 17-03.

Williamson alleges that he moved out of 8600 Chatham Court on April 20, 2018. Williamson Affidavit ¶ 15. (Docket Entry 7). If Williamson changed residences, he knew he was under an obligation to notify FINRA on his Form U4 -- and if he failed to do so, FINRA could continue to rely on 8600 Chatham Court as being Williamson's residence since his Form U4 said that the address was "accurate and complete." See Robinson Decl. Exhibit B, Section 15A ¶ 9. There is no evidence that Williamson ever notified FINRA, the FINRA case administrator, or Morgan Stanley that he moved.

8600 Chatham Court is owned by Conrad and Karen Gillispie, who are Williamson's in-laws. Berg Decl. ¶¶ 7-8. Williamson's Verified Petition alleges he lives at 731 Eagleview Circle, Tallahassee, Florida. Verified Petition ¶ 2 (Docket Entry 1). The two homes are 6 miles apart. Berg Decl. ¶ 9.

On or about April 25, 2018, Morgan Stanley's counsel sent an email to Williamson, with the subject "Morgan Stanley v. Williamson – FINRA" and instructed Williamson to provide financial information to evaluate his settlement offer. Martinez Decl. at ¶ 6. The email clearly referenced the pending arbitration. Although the email was sent to Williamson's email address

at Wells Fargo, Williamson did not respond or notify Morgan Stanley that he changed his address.  Martinez Decl. at ¶ 7.

On or about May 16, 2018, Morgan Stanley received a Notice of Arbitrator letter from FINRA notifying the parties that an arbitrator was appointed and the case would be decided on the documentary evidence submitted by the parties.  Robinson Decl. at ¶ 22, Exhibit I.  The letter was addressed to Williamson at 8600 Chatham Court.  Id.

      **F.**     **Williamson's Contacts With FINRA**

On or about June 5, 2018, Williamson sent an email to the FINRA case administrator stating "My Case ID is 18-00752.  Will you please re-open the portal so that I can get updates on my case and keep up with the important dates?  I apologize, I have missed important dates for this process and I need to get a handle or [sic]."  Williamson Affidavit, Exhibit B (Docket Entry 7-2).  While Williamson alleges he did not receive notice of the FINRA arbitration until June 13, 2018 when he went to his "prior residence to retrieve any mail not so forwarded" (Williamson Affidavit, ¶¶ 15-16) the allegation is not credible since over a week earlier he contacted FINRA about the arbitration.  Furthermore, in Williamson's June 5, 2018 email to FINRA, he did not state that he did not receive the Statement of Claim before the answer due date.  Clearly, Williamson not only received the Statement of Claim from FINRA before the Award, but also before his answer due date, or he would have complained about the late receipt in his emails to FINRA.

Williamson's Affidavit includes two other emails he sent to FINRA on June 13, 2018 and June 14, 2018.  Williamson Affidavit, Exhibits C and D.  Williamson does not claim in the emails that he did not receive the Statement of Claim, nor does he notify FINRA of any change

in his address or ask for additional time to respond to the arbitration.  Williamson does not even question the subject matter of the arbitration.

On or about July 3, 2018, the FINRA arbitrator entered an Award in favor of Morgan Stanley and against Williamson in FINRA Dispute Resolution Case No. 18-00752 (the "Award").  Robinson Decl. ¶ 23, Exhibit J.

The Award directed that Williamson pay to Morgan Stanley (a) the sum of $128,837.36 in compensatory damages; (b) the sum of $4,885.20 in interest at the rate of 1.75% per annum from September 28, 2017 through and including November 2, 2017 and increasing to the rate of 5.75% per annum from November 3, 2017 through and including June 21, 2018, pursuant to the express terms of the Note;  (c) interest at the rate of $20.30 per day from and including June 22, 2018 until the Note is paid in full; (d) the sum of $3,964.00 in attorneys' fee pursuant to the express terms of the Note; and (e) $1,000.00 to reimburse the non-refundable portion of the filing fee.  Robinson Decl. at ¶ 24.  Including pre-judgment interest from June 22, 2018 to August 29, 2018, the total amount of the Award is $140,066.96.  Robinson Decl. ¶ 25.  In the Award, the arbitrator also determined and ruled that Williamson was properly served.  Robinson Decl. ¶ 26, Exhibit J.

The Award was served on the parties on July 3, 2018 and was sent by FINRA to Williamson at 8600 Chatham Court.  Robinson Decl. ¶ 27, Exhibit K.  **As of August 9, 2018, Williamson's registration with FINRA still showed he was employed by Wells Fargo Clearing Services, LLC and that his residential address remained at 8600 Chatham Court.** Robinson Decl. ¶ 28, Exhibit L.  To date, Williamson has not complied with the Award and has failed to pay the full sum awarded to Morgan Stanley.  Robinson Decl. ¶ 30.

## LEGAL ARGUMENT

### I.   WILLIAMSON'S PETITION TO VACATE SHOULD BE DENIED

Pursuant to Section 10(a) of the FAA, the only grounds for vacatur of an arbitration award are:

> "(1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made"

9 U.S.C. § 10.  Here, the sole ground under which Williamson seeks vacatur is that the arbitrator exceeded his authority under subdivision (4) because Williamson was not served the Statement of Claim in accordance with FINRA procedures and that this was manifest disregard of the law.

"The Second Circuit has 'consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards where the arbitrators exceeded their powers.'" Fid. Brokerage Servs. LLC v. Deutsch, 2018 U.S. Dist. LEXIS 95329, at *32 (S.D.N.Y. May 31, 2018).  A party alleging "manifest disregard of the law bears a heavy burden" as awards are only vacated "in exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent" and an award should be confirmed "if there is a barely colorable justification for the outcome reached."  T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010).  Applying the settled law to the undisputed facts, the instant case is no exception, and Williamson's argument that arbitrator authority was exceeded must be rejected.

### A.      Williamson Received Proper Notice of the Arbitration.

The determination as to whether Williamson was properly served notice of the arbitration is for the arbitrator to decide.  The United States Supreme Court held in <u>Howsam v. Dean Witter Reynolds</u>, 573 U.S. 79, 84-85, 123 S.Ct. 588, 592 (2002) that procedural questions which arise from the dispute are for the arbitrator to decide and that "issues of procedural arbitrability" such as notice, "are for the arbitrator to decide." (citing the revised Uniform Act of 2000).  As the Second Circuit has held "[f]ederal courts do not superintend arbitration proceedings" and judicial review is "restricted to determining whether the procedure was fundamentally unfair."  <u>Tempo Shain Corp. v. Bertek, Inc.</u>, 120 F.3d 16, 20 (2d Cir. 1997).

In <u>Papayiannis v. Zelin</u>, 205 F. Supp. 2d 228, 232 (S.D.N.Y. 2002) the court held that the process used by the National Association of Securities Dealers, Inc. (FINRA's predecessor) to give notice to a financial advisor of an arbitration was fair when the complaint was mailed to the address which the advisor "listed on his [FINRA] license; no letters were returned to [FINRA], nor was any change of address submitted by [the financial advisor to [FINRA]."

In <u>Marsillo v. Geniton</u>, 2004 U.S. Dist. LEXIS 9965, 2004 WL 1207925 (S.D.N.Y. 2004), a financial advisor sought to vacate an award and claimed he did not receive "adequate notice" of the arbitration.  <u>Id.</u> at *13.  The court found that the financial advisor had "actual knowledge" of the arbitration when he received notice of the arbitration proceedings before the hearing was held and that it strained credibility that the financial advisor would not be aware "that he was not receiving all the mail that was coming to him."  <u>Id.</u> at *16-17.  The court found that the Statement of Claim was properly served on the financial advisor when it was mailed "by regular mail, to the residence he provided his U4 form" and there were no allegations that any mail was returned as undeliverable.  <u>Id.</u> at *17.  The court held that arbitrators do not exceed their powers by deciding "whether notice was adequate."  <u>Id.</u> at *15-16.

11

Likewise in <u>Gill v. Fin. Indust. Regulatory Auth.</u>, 2013 U.S. Dist. LEXIS 44088 at *9, 2013 WL 1203746 (S.D.N.Y. 2013) the financial advisor alleged that FINRA failed to send proper notice of the arbitration to him by "personal service, registered mail, or certified mail." The court rejected this argument and confirmed the award because FINRA's records showed the Statement of Claim was served on the financial advisor at the address listed on his Form U4, there was no evidence that letters sent to his address were returned as undeliverable and the "formalities of notice are not a basis for vacating the award." <u>Id.</u> at *10.

Williamson (incorrectly) cites FINRA Rule § 12301(a) as the rule for service of process on associated persons. This rule applies to customer disputes. An identical rule appears in arbitration code for industry disputes. FINRA Rule § 13301(a) provides:

> "The Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the Claim Notification Letter on the associated person at the person's business address."

Berg Decl. Exhibit A. FINRA properly served the Statement of Claim at Williamson's residential address. There is no evidence that mail sent to Williamson was returned and there is no evidence that Williamson alerted FINRA or Morgan Stanley that he moved, so there was no obligation on FINRA or Morgan Stanley to serve Williamson at another address.

Williamson also misreads FINRA Regulatory Notice 17-03 ("Notice 17-03") by emphasizing the wrong section of the notice. The Notice provides, in relevant part:

> "FINRA staff will serve the initial statement of claim. FINRA will serve respondents that are not identified as customers with a Claim Notification Letter. The term "Claim Notification Letter" means the notice provided to respondents that they have been named as a party in a statement of claim. The Claim Notification Letter provides information about accessing the Party Portal to obtain a copy of the statement of claim filed by the claimants and information about the arbitration, including the hearing location selected by the Director and the deadline for filing a statement of answer. If a respondent does not access the Party

12

> Portal and view the statement of claim, FINRA staff will contact the respondent and ask if the respondent received the Claim Notification Letter. <u>If the respondent indicates that he or she did not receive the Claim Notification Letter, FINRA staff will offer to serve the statement of claim in another manner such as by email or regular mail</u> to afford the respondent an additional opportunity to receive the statement of claim. The transmission will include instructions on how to access the Party Portal."

Berg Decl. Exhibit B (emphasis added).  There is no evidence, and Williamson does not allege, that he ever told FINRA that he did not receive the Claim Notification Letter.  Under Notice 17-03, after Williamson failed to file an Answer, FINRA properly sent another letter to Williamson on April 20, 2018 asking if he needed "another email Portal invitation or if you are having any technical issues."  Robinson Decl. Exhibit H.  Williamson's email to FINRA on June 5, 2018 indicates he was aware of the arbitration and the case number.  Williamson Aff. Exhibit C (Docket Entry 7-2).  To the extent there is a requirement under Notice 17-03 to offer to serve a party by other means, that requirement was never triggered because Williamson never told FINRA that he did not receive notice or the Claim Notification Letter.[1]  As far as FINRA and Morgan Stanley were concerned, Williamson received proper notice of the arbitration because all mailings were sent to the residential address that Williamson had on file with FINRA and none of the mailings were returned as undeliverable.  Furthermore, in this case, Williamson communicated with both FINRA and Morgan Stanley's attorney, and never indicated that he had not received the Statement of Claim, much less that he had not received it when it was first sent to him.

---

[1] Williamson cites the arbitration award in <u>Morgan Stanley Smith Barney LLC et al. v. Andrew J. Martino</u>, FINRA Dispute Resolution Case No. 18-00773 for the proposition that the Statement of Claim must initially be served by certified mail, but under FINRA Rules there is no requirement for this method of service and there is no evidence that Martino was an active associated person at the time the Martino arbitration was filed.

Even assuming, <u>arguendo</u>, there was defect in service of process, an arbitration award will not be overturned upon a technical procedural irregularity when the parties had actual notice of the arbitration. <u>Shamha v. Schweiger</u>, 21 F. Supp. 2d 208, 215 (E.D.N.Y. 1998). FINRA is under no obligation to initially serve an associated person by personal service, registered mail or certified mail. <u>Id.</u> at 214.

The case law cited in Williamson's brief is inapplicable to facts before the Court. Williamson cites <u>Zapata v. City of New York</u>, 502 F.3d 192 (2d Cir. 2007) for the proposition that the failure to complete service of process can result in dismissal of an action, but the <u>Zapata</u> case did not involve the service of pleadings in an arbitration.

Williamson relies on the unpublished opinion in <u>Hansalik v. Wells Fargo Advisors, LLC</u>, 2012 Cal. App. Unpub. LEXIS 3145, 2012 WL 123014 (Cal. App. 2002)[2] but this case is nothing like the California case.  First, <u>Hansalik</u>, was decided under the California Arbitration Act (Cal. Code of Civ. P.  § 1280 et seq.) and not the FAA. <u>Id.</u> at *4.  Second, the associated person in <u>Hansalik</u>, moved to Switzerland, FINRA was aware the associated person moved, mail sent to the associated person's California address was returned to FINRA as undeliverable and yet FINRA continued to send mail to the California address. <u>Id.</u> at *3.  Williamson did not move to another country (he moved 6 miles down the road), no mail sent to 8600 Chatham Court was returned as undeliverable and neither Morgan Stanley nor FINRA had any notice that Williamson moved.

FINRA served the Statement of Claim on Williamson by mail at his residential address that he provided for in his Form U4.  FINRA served a second copy of the Statement of Claim on

---

[2] The California Rules of Court prohibit a court or party from citing to an unpublished decision. Cal. R. of Ct., Rule 8.1115(a).  <u>See</u> <u>Riverburgh v. CSX Transp.</u>, 280 Fed.Appx. 61, 65 fn. 4. (2d Cir. 2008) (declining to rely on unpublished California opinion).

Williamson by regular mail and certified mail.  Williamson does, not and cannot, allege that the

Statement of Claim was returned to FINRA as undeliverable.  There is no evidence that FINRA

or Morgan Stanley was aware or on notice that Williamson moved.  Williamson admits he was

aware of the arbitration before the Award was issued.  Williamson never asked for service by

any other means, so it was reasonable for the arbitrator to determine that Williamson was

properly served.  The arbitrator correctly determined that Williamson was served and the

arbitrator did not exceed his powers or manifestly disregard the law by finding that FINRA

complied with its own rules regarding service.

       **B.**       **Williamson Had a Duty to Notify FINRA of a Change of Address**.

The FINRA By-laws require that all persons who apply for registration with FINRA must

submit a Form U4 and that those who are already registered must file an amendment to the Form

U4 when information contained on the original Form U4 changes.  The Form U4 requires

applicants for registration to notify FINRA of their current address and to keep all information

on their Form U4 current.  Article 5, Section 2(c) of the FINRA By-laws provide, in relevant

part, that:

> "[e]very application for registration filed with the Corporation shall be kept
> current at all times by supplementary amendments via electronic process or such
> other process as the Corporation may prescribe to the original application. Such
> amendment to the application shall be filed with the Corporation not later than 30
> days after learning of the facts or circumstances giving rise to the amendment."

Berg Decl. Exhibit C.  Associated persons are "required to maintain their current address [with

FINRA] and must update that address within 30 days after any change."  See Staples v. Morgan

Stanley Smith Barney, 2013 U.S. Dist. LEXIS 154350 at fn. 4, 2013 WL 5786593 (D.Mont.

2013) (financial advisor had a "responsibility to maintain proper addresses for all FINRA

communications" and the arbitrator did not exceed their power by finding proper service.)

The U.S. Securities and Exchange Commission has also ruled that an associated person, such as Williamson, has a continuing duty to update their residential address with FINRA.  See In the Matter of Gilbert Torres Martinez, 2013 SEC LEXIS 1147 at fn. 6, Exchange Act Release No. 69405 (April 18, 2013) (associated person has a responsibility to keep a current address on file with FINRA at all times); In the Matter of Perpetual Securities, Inc., 2007 SEC LEXIS 2353 at *35, Exchange Act Release No. 55613 (financial advisor must keep their address current and must bear the consequences of their failure to do so).

In May 1997, the National Association of Securities Dealers ("NASD"), the predecessor to FINRA, issued Notice to Members 97-31, titled "NASD Reminds Registered Persons of Continuing Obligation to Update NASD Records" and warned that associated persons, such as Williamson "must notify the NASD of any changes to their current addresses . . . ."  Berg Decl. Exhibit D.  For over 20 years, the rule for associated persons has been that they must notify FINRA when they change their residential address.

The duty to update his Form U4 with his new residential address lies with Williamson. In Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Blackburn, 2013 N.Y. Misc. Lexis 6741 at *13, 2013 NY Slip Op 33796(U) (Sup. Ct. N.Y. County 2011) the court held that under the FAA, service on a financial advisor at the address listed on his Form U4 is proper, and that the financial advisor is at fault if they do not notify FINRA of a change of address.

Williamson's Form U4 was updated in June 2012 when he notified Morgan Stanley that he moved to 8600 Chatham Court.  Robinson Decl. at ¶ 13.   In Section 15A ¶ 9 of his Form U4, Williamson agreed to "update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported" and stated "I represent that, to the extent any information previously submitted is not amended, the information provided in this

16

form is currently accurate and complete." <u>Id.</u>  (emphasis added). Robinson Decl., Exhibit B.  As of August 9, 2018, Williamson still had not updated his residential address with FINRA.  <u>See</u> Robinson Decl. at ¶ 28, Exhibit L.  Morgan Stanley was not notified that Williamson moved from 8600 Chatham Court until Williamson filed his Petition to Vacate.  Williamson's failure to update his residential address in FINRA's records is <u>solely</u> the fault of Williamson and is not grounds to vacate the Award.

<strong>C.    Williamson Was Aware of the Arbitration Proceeding.</strong>

Williamson had notice of the arbitration, and any claims by Williamson that he did not have notice are not credible.  He was properly served the Statement of Claim by FINRA at 8600 Chatham Court and received multiple letters during the arbitration.  There is no record of any mail sent to 8600 Chatham Court being returned as undeliverable. Williamson left a voicemail for Morgan Stanley's counsel on April 18, 2018, <u>a day before his Answer was due</u>.  Martinez Decl. ¶ 5.  It is not plausible that Williamson was not aware of the arbitration, when he called Morgan Stanley's counsel the day before his answer was due and referred to a case number. Moreover, it is not plausible that Williamson was not receiving mail at 8600 Chatham Court. The only way Williamson would have known Morgan Stanley's counsel's name and number, and known to contact him, was if he was getting mail sent to 8600 Chatham Court.

The FINRA service history shows that FINRA sent a second copy of the Statement of Claim to Williamson on April 20, 2018 at 8600 Chatham Court by regular and certified mail. Robinson Decl. Exhibit J.  There is no record of any mail being returned as undeliverable.  The arbitrator determined that Williamson was properly served pursuant to the FINRA Code of Arbitration Procedure and the Award provides that:

> "The Arbitrator determined that Respondent was served the Claim Notification Letter, dated February 28, 2018 by regular mail. . . . On April 20, 2018, FINRA Office of Dispute Resolution sent a second letter to Respondent (by regular and

17

certified mail) . . . The Arbitrator also determined that Respondent was served with an Overdue Notice dated April 20, 2018 by certified mail as evidenced by the green card on file and Notice of Arbitrator dated May 16, 2018 by regular mail.  Therefore, although Respondent failed to register for the DR Portal, the Arbitrator determined that Respondent is bound by the Arbitrator's ruling and determination."

See Robinson Decl. ¶ 26, Exhibit J.

While Williamson alleges he moved from 8600 Chatham Court on April 20, 2018 (to a home 6 miles away), it clearly is not plausible that he was not aware of the arbitration.  Morgan Stanley's counsel sent an email to Williamson on April 25, 2018 captioned "Morgan Stanley v. Williamson – FINRA" which clearly refers to the pending arbitration.  See Martinez Decl. ¶ 6, Exhibit B.

Even assuming, arguendo, that Williamson did not receive both copies of the Statement of Claim that were mailed to 8600 Chatham Court, Williamson, by his own admission, was aware of the arbitration when he sent an email to FINRA on June 5, 2018 and wrote "My Case ID is 18-00752.  Will you please re-open the portal so that I can get updates on my case and keep up with the important dates?  I apologize, I have missed important dates for this process and I need to get a handle or [sic]."  Williamson Affidavit, Exhibit B (Docket Entry 7-2).  At a minimum, Williamson was aware of the arbitration at least 28 days before the Award was issued.

Although Williamson claims that it was not until June 13, 2018 that he received correspondence from FINRA when he retrieved mail from 8600 Chatham Court, this claim is not credible, since eight days earlier he sent an email to FINRA about the arbitration.  The fact that 8600 Chatham Court is owned by Williamson's in-laws also casts severe doubt on Williamson's claim that it was not until June 13, 2018 that he received correspondence from FINRA.

While Williamson alleges he had difficulty accessing FINRA DR Portal and reviewing documents in the case, he offers no explanation as to why he took no further steps with FINRA

18

to get access to DR Portal, why he did not notify Morgan Stanley or FINRA of his change of address or why he did not ask for more time to respond to the arbitration.  An arbitration award will not be vacated when a party has notice of the arbitration and chooses not to participate.  See Geotech Lizenz AG v. Evergreen Systems, Inc., 697 F. Supp. 1248, 1253 (E.D.N.Y. 1988) (confirming arbitration award where party receives notice of the arbitration but chooses not to participate because of inconvenience); Overseas Cosmos v. NR Vessel Corp., 1997 U.S. Dist. LEXIS 19390 at *14, 1997 WL 757041 (S.D.N.Y. 1997) (confirming award where a party's failure to participate in an arbitration could only be interpreted as intentional);  Bernstein Seawell & Kove v. Bosarge, 813 F.2d 726, 729-30 (5th Cir. 1987) (confirming award where party had constructive knowledge of the arbitration and finding due process not violated when one party fails to participate as a result of their own decision).

Williamson's failure to follow up with FINRA was willful ignorance and is not grounds to vacate the Award.  Williamson has provided no basis to overturn the arbitrator's ruling that Williamson was served and is bound by the Award.

## II.    MORGAN STANLEY'S CROSS-PETITION TO CONFIRM THE AWARD SHOULD BE GRANTED

Pursuant to Section 9 of the FAA, upon application, the court shall confirm an arbitration award and enter judgment thereupon.  The Second Circuit has repeatedly held that "extraordinary deference" must be given to arbitration awards.   Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012) ("[t]his Court has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process"); Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) ("[t]he showing required to avoid summary confirmation of an arbitration award is high");  Stotter Div. of Graduate Plastics Co.,

Inc. v. Dist. 65, United Auto Workers, AFL-CIO, 991 F.2d 997, 1002 (2d Cir. 1993) ("our role in reviewing an arbitration award is extremely limited"); see also STMicroehctronics, N. V. v. Credit Suisse Sees. (USA) LLC, 648 F.3d 68, 78 (2d Cir. 2011) (holding that reviews of arbitration awards under § 10 of the FAA are "highly deferential" to the arbitrators). "The burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 103 (2d Cir. 2013).

Accordingly, district courts should summarily grant petitions to confirm arbitration awards unless valid grounds for vacating or modifying them are established. See Ottley v. Schwarizberg, 819 F.2d 373, 377 (2d Cir. 1987) ("[a]bsent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award as mandated by section 9 of the [FAA]"); Florasynth v. Pickhoh, 750 F.2d 171, 176 (2d Cir. 1984) (holding that "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court").

Here, there is no dispute that the parties entered into a binding agreement to resolve all disputes under the Note by way of binding FINRA arbitration. See Robinson Decl. ¶ 10, Exhibit A. An Award was entered against Williamson and in favor of Morgan Stanley. See Robinson Decl. ¶ 23 and Exhibit J.) A cross-petition to confirm the award has been timely filed. There is no valid ground for vacatur. Accordingly, Morgan Stanley is entitled to confirmation of the Award and entry of Judgment thereupon. Furthermore Morgan Stanley is entitled to its attorneys' fees incurred in opposing Williamson's petition pursuant to the terms of the Note. Robinson Decl. ¶ 11, Exhibit A.

## **CONCLUSION**

Based upon the foregoing reasons, Williamson's petition should be denied and Morgan

Stanley's cross-petition should be granted in all respects.

Dated:  New York, New York                         **JAFFE & ASHER LLP**
       August 28, 2018

                                            /s  Jonathan D. Berg
                                          Jonathan D. Berg, Esq. (JB4022)
                                          600 Third Avenue 9th Floor
                                          New York, NY 10016
                                          (646) 313-2543

                                          Attorneys for Cross-Petitioners Morgan
                                          Stanley Smith Barney LLC and Morgan
                                          Stanley Smith Barney FA Notes Holdings
                                          LLC